UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WALLACE ALLEN,

    Petitioner,

v.                                          Case No: 6:16-cv-975-Orl-28DCI
                                                      (6:09-cr-111-Orl-28DCI)

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This cause is before the Court on the Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate," Doc. 1) filed by Petitioner pursuant to 28 U.S.C. § 2255. The Government filed a Response (Doc. 4) in opposition to the Motion to Vacate. Petitioner was provided with the opportunity to file a Reply to the Response, but he failed to do so. For the reasons set forth herein, the Motion to Vacate is denied.

### I.    Procedural Background

A Grand Jury charged Petitioner and another individual by Indictment with two counts of knowingly and forcibly assaulting a federal officer with the use of a deadly weapon or inflicting bodily injury in violation of 18 U.S.C. §§ 111(a)(1) and (b). (Criminal Case 6:09-cr-111-Orl-28DCI, Doc. 1).[1] A jury found Petitioner guilty as to both counts. (Criminal Case Doc. 76). The Court entered a Judgment in a Criminal Case

---

[1] Criminal Case No. 6:09-cr-111-Orl-28DCI will be referred to as "Criminal Case."

(Criminal Case Doc. 137) in which Petitioner was adjudicated guilty of the crimes and sentenced to imprisonment for a total term of 240 months, to be followed by supervised release for a total term of three years. The Eleventh Circuit Court of Appeals affirmed in a written, unpublished opinion. (Criminal Case Doc. 158).

## II. ANALYSIS

Petitioner argues that, pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), his sentence is unconstitutional because "the crime of violence set forth in Career Offender Guideline 4B1.2 is virtually identical to the definition of violent felony in [the] Armed Career Criminal Act which *Johnson* . . . found unconstitutional . . . ." (Doc. 1 at 4).

This claim was not raised in Petitioner's direct appeal. "As a general rule, a criminal defendant who fails to object at trial or to raise an issue on direct appeal is procedurally barred from raising the claim in a section 2255 motion absent a showing of cause for failing to preserve the claim and actual prejudice from the alleged error." *Orso v. United States*, 452 F. App'x 912, 914 (11th Cir. 2012). In the alternative, "the merits of a procedurally defaulted claim may be reached, in very narrowly defined circumstances, if failure to address the claim would result in a 'fundamental miscarriage of justice.'" *Id.* Actual innocence of the offense may be shown to satisfy the fundamental miscarriage of justice standard. *Id.*

In the present case, Petitioner is procedurally barred from raising his claim because it was not raised on direct appeal. It appears that Petitioner may be arguing

2

that the *Johnson* decision constitutes a basis to overcome the procedural bar. However, the Eleventh Circuit has held that *Johnson* does not apply to career offender enhancements under the Sentencing Guidelines. *See United States v. Matchett*, 802 F.3d 1185, 1194-95 (11th Cir. 2015)).

Moreover, even if *Johnson* does apply to the Sentencing Guidelines, Petitioner's sentence, as a career offender based on his prior convictions for controlled substance offenses, "is not even arguably affected by *Johnson*'s holding regarding the ACCA's residual-clause definition of a violent felony."[2] *In re Williams*, 826 F.3d 1351, 1356 (11th Cir. 2016); *see also Gowdy v. United States*, No. 7:16-CV-8023-KOB, 2016 WL 7325711, *2 (N.D. Ala. Dec. 16, 2016) ("[E]ven if *Johnson* were to arguably impact the definition of a 'crime of violence' under that residual clause [of the Sentencing Guidelines], that impact would have no bearing on Mr. Gowdy's case because his conviction did not in any way involve a crime of violence. Mr. Gowdy's career offender status was based on three prior *'controlled substance offenses.'*") (emphasis in original). Under the circumstances, the Court finds that Petitioner has failed to establish either cause or prejudice to overcome the procedural bar.

In addition, Petitioner does not argue or otherwise demonstrate that his procedurally barred claim should be considered under the actual innocence and fundamental miscarriage of justice standard. Further, the entire record has been

---

[2] Petitioner had three prior controlled substance offenses. *See* Presentence Investigation Report at 10.

3

reviewed, and the Court concludes that Petitioner is unable to satisfy the exceptions to the procedural bar. Accordingly, Petitioner's claim is procedurally barred, and the Motion to Vacate is denied.

### III. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

### IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. Petitioner is **DENIED** a certificate of appealability.

4. The Clerk of the Court is directed to enter judgment in favor of Respondent and to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 6:09-cr-111-Orl-28DCI.

5. The Clerk of the Court is directed to terminate the section 2255 motion (Criminal Case Doc. 157) filed in criminal case number 6:09-cr-111-Orl-28DCI.

**DONE and ORDERED** in Orlando, Florida on February 16, 2017.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-2 2/15

5